**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JESUS BORJA, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*,

    Plaintiff,

v.

MSK RESTAURANT CORP
    d/b/a YANGSANDO, and
KEUM SOON PARK,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff JESUS BORJA ("Plaintiff BORJA" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, MSK RESTAURANT CORP d/b/a YANGSANDO ("Corporate Defendant"), and KEUM SOON PARK ("Individual Defendant," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from

1

Defendants: (1) unpaid wages, including overtime, due to a fixed salary; (2) unpaid wages, including overtime, due to time shaving; (3) illegally retained gratuities; (4) liquidated damages; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), that he and other similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to a fixed salary; (2) unpaid wages, including overtime, due to time shaving; (3) illegally retained gratuities; (4) unpaid spread of hours premium; (5) statutory penalties; (6) liquidated damages; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff JESUS BORJA is a resident of Queens County, New York.

6. Defendants own and operate a Restaurant called YANGSANDO SUSHI & ROLL ("YANGSANDO") located at 165-19 Northern Blvd, Flushing, NY 11358.

7. Corporate Defendant MSK RESTAURANT CORP d/b/a YANGSANDO, is a domestic business corporation organized under the laws of the State of New York, with its principal place of business, and an address of service of process located at 165-19 Northern Blvd, Flushing, NY 11358.

8. Individual Defendant KEUM SOON PARK is a Principal of Corporate Defendant and has operational control of Corporate Defendant. Individual Defendant KEUM SOON PARK

exercises the power to (and also delegate to managers and supervisors the power to: (i) fire and hire employees; (ii) supervise and control employee work schedules; (iii) determine the rate and method of pay; (iv) maintain employment records; and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class Members of Corporate Defendant. Individual Defendant KEUM SOON PARK has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant KEUM SOON PARK additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant KEUM SOON PARK ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Corporate Defendant is operating efficiently and profitably.

9. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the business operated by Defendants.

11. At all relevant times, Plaintiff was Defendants' employee within the meaning of NYLL § § 2 and 651.

12. At all relevant times, Defendants were Plaintiff's employers within the meaning of NYLL § § 2 and 651.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including, but not limited to waiters, delivery persons, bartenders, servers, runners, bussers, and porters, among others, employed by Defendants at YANGSANDO on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to: (i) pay wages, including overtime, due to an improper fixed salary; and (ii) pay wages, including overtime, due to time shaving. Plaintiff and FLSA Collective Plaintiffs also have claims for: (i) illegally retained gratuities; (ii) liquidated damages; and (iii) attorneys' fees and costs. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including, but not limited to waiters, delivery persons, bartenders, servers, runners, bussers, and porters, among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages, including overtime, due to an improper fixed salary; (ii) failing to pay wages, including overtime, due to time shaving; (iii) illegal retention of gratuities; (iv) unpaid spread of hours premium; (v) failing to provide wage and

hour notices, at date of hiring and annually, per requirements of the NYLL; and (vi) failing to provide wage statements, per requirements of the NYLL.

21. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual

members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class Members;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class Members for their work;

(d) Whether Defendants properly notified Plaintiff and Class Members of their regular hourly rate and overtime rate;

7

(e) Whether Defendants paid Plaintiff and Class Members the proper overtime compensation under the NYLL;

(f) Whether Defendants compensated Plaintiff and Class Members on an illegal fixed salary basis;

(g) Whether Defendants paid Plaintiffs and Class Members for all hours, including overtime, worked given Defendants' policy of time shaving;

(h) Whether Defendants retained any portion of the gratuities for their tipped employees;

(i) Whether Defendants paid Plaintiff and Class Members spread of hours premiums, as required under NYLL;

(j) Whether Defendants provided wage and hour notices to Plaintiff and Class Members, at date of hiring and annually, per requirements of the NYLL; and

(k) Whether Defendants provided wage statements to Plaintiff and Class Members per requirements of the NYLL.

## STATEMENT OF FACTS

26. In or around August 2020, Plaintiff JESUS BORJA was hired by Defendants to work as busboy at Defendants' Restaurant YangSanDo Sushi & Roll located at 165-19 Northern Blvd, Flushing, NY 11358. Plaintiff's employment with Defendants was terminated in or around October 2021.

27. As a busboy, Plaintiff BORJA's duties included, bussing tables; dishwashing; accepting/unloading deliveries; organizing deliveries; sweeping/mopping; and cleaning the restaurant. FLSA Collective Plaintiffs and Class Members performed similar duties

28. Throughout his employment, Plaintiff was regularly scheduled to work six (6) days from 10:30 a.m. to 10:30 p.m., for a total of seventy-two (72) hours per week. FLSA Collective Plaintiffs and Class Members were similarly scheduled to work more than forty (40) hours each week.

29. From the start of his employment until in or around July 2021, Plaintiff was compensated at a fixed salary of seven hundred dollars ($700.00) per week, regardless of how many hours he worked each workweek. From in or around July 2021 until the end of his employment, Plaintiff was compensated at a fixed salary of seven hundred fifty dollars ($750.00) per week, regardless of how many hours he worked each workweek. However, at all times, there was never any agreement that Plaintiff's fixed weekly salary was intended to cover the overtime hours in excess of forty (40) that he worked. At all times, Plaintiff BORJA was paid by weekly by cash. FLSA Collective Plaintiffs and Class Members were similarly compensated weekly in cash at a fixed salary regardless of how many hours they worked each day.

30. At all relevant times, Plaintiff was not paid overtime premium for hours worked more than forty (40) hours per week. Defendants knowingly and willfully failed to pay Plaintiff the proper overtime premium rate of time and one half of regular hourly rate for each hour exceeding forty (40) hours per workweek.

31. Throughout his employment with Defendants, Plaintiff was not compensated for all hours worked, including overtime, due to Defendants' policy of time shaving. Plaintiff was subject to a one (1) hour meal break deduction every day. However, meal time was not free and clear, and Plaintiff was interrupted and required to work through his meal breaks on a daily basis. As a result, Plaintiff was time shaved a total six (6) hours per week. FLSA Collective Plaintiffs

and Class Members also suffered similarly from Defendants' illegal policy of time shaving by deducting for meal breaks which were not free and clear.

32. Plaintiff, FLSA Collective Plaintiffs, and Class Members suffered from Defendants' retention of gratuities. The owner would take all tips that customers gave. These tips ranged anywhere from one hundred fifty dollars ($150) to two hundred ($200) per day.

33. Throughout his employment, Plaintiff regularly worked days that exceed ten (10) hours in length, but Defendants unlawfully failed to pay Plaintiff his spread of hours premium for workdays that exceeded ten (10) hours in length. Class Members similarly did not receive their spread of hours premium for workdays that exceeded ten (10) hours in length.

34. Defendants failed to provide wage and hour notices, at the date of hiring and annually thereafter, to all their employees in violation of the requirements of the NYLL.

35. Defendants failed to wage statements to all their employees in violation of the requirements of the NYLL.

36. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class Members their proper overtime due to an improper fixed salary and time shaving.

37. Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premium to Plaintiff or Class Members, in violation of NYLL.

38. Defendants knowingly and willfully operated their business with a policy of not providing wage and hour notices to Plaintiff and Class Members, at the beginning of employment and annually thereafter, in violation of the NYLL.

39. Defendants knowingly and willfully operated their business with a policy of not providing wage statements to all their employees as required under the NYLL.

40. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

42. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

44. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

45. At all relevant times, Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek due to a fixed salary and time shaving.

46. At all relevant times, Defendants showed a willful disregard for the provisions of the FLSA by illegally retraining all gratuities through its owner.

47. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their intentional failure to compensate Plaintiff and FLSA Collective Plaintiffs for every hour they worked, including overtime hours.

49. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

50. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

51. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to a fixed salary; unpaid wages, including overtime, due to time shaving; damages representing disgorgement of illegally retained tips; plus an equal amount as liquidated damages.

52. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

53. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

54. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

55. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class Members the full amount of wages due including overtime under the NYLL.

56. Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to a fixed salary and time shaving.

57. Defendants willfully violated Plaintiff's and the Class Members' rights by illegally retaining gratuities through its owner.

58. Defendants knowingly and willfully failed to pay Plaintiff and Class Members their spread of hours premiums for shifts lasting longer than ten (10) hours in duration, in violation of NYLL.

59. Defendants knowingly and willfully failed to provide wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class Members, as required by NYLL § 195(1).

60. Defendants knowingly and willfully failed to provide wage statements to Plaintiff and Class Members with every wage payment, as required by NYLL § 195(3).

61. Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages, including overtime, due to a fixed salary; unpaid wages, including overtime, due to time shaving; damages representing disgorgement of illegally retained tips; unpaid spread of hours premium; reasonable attorneys' fees; liquidated damages; statutory penalties; reasonable attorneys' fees; and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, and NYLL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to a fixed salary due under the FLSA and NYLL;

d. An award of unpaid wages, including overtime, due to time shaving due under the FLSA and NYLL;

e. An award equal to the amount of the improperly retained tips withheld by Defendants;

f. An award of unpaid spread of hours premium due under NYLL;

g. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty (40) per workweek, pursuant to the FLSA and NYLL;

i. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiff as Representative of the Class; and

m. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 13, 2022

> Respectfully submitted,
> By: ___/s/ C.K. Lee___
>     C.K. Lee, Esq.
>
> LEE LITIGATION GROUP, PLLC
> C.K. Lee (CL 4086)
> Anne Seelig (AS 3976)
> 148 West 24th Street, 8th Floor
> New York, NY 10011
> Tel.: 212-465-1188
> Fax: 212-465-1181
> *Attorneys for Plaintiff,*
> *FLSA Collective Plaintiffs, and the Class*