# Lee Litigation Group, PLLC

148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   212-465-1188
                   cklee@leelitigation.com

April 28, 2025

<u>Via ECF</u>
Hon. Eric Komitee, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Borja v. MSK Restaurant Corp et al*
                <u>Case No.: 22-cv-06178</u>

Dear Judge Komitee:

    We are counsel to Plaintiff. We write pursuant to the Court's Order dated March 29, 2025 (Dkt. No. 35) adopting the Report and Recommendation regarding Plaintiff's motion for default judgment. By that Order, the Court also directed Plaintiff to file a revised motion for default as to damages and attorney's fees and costs.

    For the avoidance of doubt, Plaintiff is not seeking attorney's fees and costs by his motion for default judgment. *See* Dkt. Nos. 28-31.

    By the Court's Order adopting the Report and Recommendation, defendants were found liable for overtime violations under the FLSA and the NYLL, for withheld tips under the FLSA and the NYLL, and for spread-of-hours violations under the NYLL. *See* Dkt. No. 35 at 1.

I.    **DAMAGES**

    In support of Plaintiff's Motion for Default Judgment, Plaintiff submitted to the Court an initial analysis of the damages he suffered. Plaintiff submits an amended analysis of damages based on the Court's Order adopting the Report and Recommendation, attached hereto as **Exhibit A**. The finalized damage analysis is based on the following facts.

    Plaintiff worked from August 1, 2020 to October 31, 2021. Plaintiff worked six days per week, twelve hours per day, from 10:30 A.M. to 10:30 P.M. *See* Complaint. ¶ 28. Although Plaintiff was purportedly given a one-hour meal break each day, this break was interrupted, and Plaintiff was "required to work through his meal breaks on a daily basis." *Id.* ¶ 31.

    As Plaintiff alleges he was unable to take a break for at least 30 minutes without interruption, the Court found that Plaintiff has alleged that he did not receive a bona fide meal break each day, making all twelve hours Plaintiff worked each day compensable for a total of 72 hours worked by Plaintiff each week. *See* Dkt. No. 34 at 28. From around August 1, 2020 until

June 30, 2021, Defendants paid Plaintiff a fixed rate of $700 per week for all hours worked. From July 1, 2021, until the end of his employment on October 31, 2021, Defendants paid Plaintiff $750 per week for all hours worked.

## II.  DAMAGES DUE TO UNPAID OVERTIME

To determine Plaintiff's damages due to Defendants' fixed salary and failure to pay overtime, Plaintiff calculated difference between the proper pay rate and the actual pay rate, for both regular and overtime hours.

**(1) Plaintiff's Hourly Pay Rates based on Defendants' Weekly Fixed Salary Rates**

   i.   Period 1: August 1, 2020 – June 30, 2021:

**Actual Pay Rate:**

(Weekly Rate / Regular Hours Worked Each Week) = Actual Paid Hourly Rate
$700 / 72 = $9.72 per hour

**Proper Regular Pay Rate:**

(Weekly Rate / Regular Hours Worked Each Week) = Proper Hourly Rate
$700 / 40 = $17.50 per hour

**Proper Overtime Pay Rate:**

1.5 x Proper Hourly Rate = Proper Overtime Hourly Rate
1.5 x  $17.50 = $26.25

   ii.   Period 2: July 1, 2021 – October 31, 2021:

**Actual Pay Rate:**

(Weekly Rate / Regular Hours Worked Each Week) = Actual Paid Hourly Rate
$750 / 72 = $10.42 per hour

**Proper Regular Pay Rate:**

(Weekly Rate / Regular Hours Worked Each Week) = Proper Hourly Rate
$750 / 40 = $18.75 per hour

**Proper Overtime Pay Rate:**

1.5 x Proper Hourly Rate = Proper Overtime Hourly Rate
1.5 x  $18.75 = $28.13

2

**(2) Unpaid Spread of Hours:**

Unpaid spread of hours was calculated at the applicable minimum New York State minimum wage rate of $15.00.

**(3) Tip Retention:**

Plaintiff estimates he should have earned $175 in tips on a daily basis based on: (i) the volume of Defendants' business, (ii) the amounts of credit card tips and cash tips he saw being left at tables that he cleaned up, and (iii) discussions with other employees regarding the amounts of tips that guests had left. Defendants retained all of Plaintiff's tips.

\*          \*          \*

We thank the Court for its time and consideration on this matter.

Respectfully submitted,

/s/ C.K. Lee
C.K. Lee, Esq.